UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SETH AMOS NELSON,<br><br>        Petitioner,<br><br> v.<br><br>ISRAEL JACQUEZ,<br><br>        Respondent. | Case No. C22-614-JHC-SKV<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

This is a federal habeas action proceeding under 28 U.S.C. § 2241. Petitioner Seth Amos Nelson originally filed his petition for writ of habeas corpus, and a second similar petition, with the United States Court of Appeals for the Ninth Circuit. *See* Dkt. 5. The Ninth Circuit thereafter transferred the petitions to this Court for consideration.[1] *See id*. Petitioner alleges in the instant petition that the Bureau of Prisons improperly calculated his good conduct time and he seeks immediate release from custody. Dkt. 7. Though Petitioner was confined at the Federal Detention Center in SeaTac, Washington, at the time he filed his petition, he has since been

---

[1] Petitioner's second petition was assigned case number C22-615-DGE-TLF and it remains pending at this time.

REPORT AND RECOMMENDATION
PAGE - 1

released from custody.  *See* Dkts. 5, 7.  This Court, having reviewed Petitioner's petition, and the balance of the record, concludes that the petition is now moot and should therefore be denied.

## II.     BACKGROUND

Petitioner indicates in his petition that his claims relate to a sentence imposed by the District of Montana in case number CR07-139-GF-BMM.  Dkt. 7 at 1.  A review of the docket of the underlying criminal action reveals that Petitioner was sentenced in the District of Montana on May 29, 2008, following entry of a guilty plea, to a term of 188 months confinement and 72 months of supervised release.  *See United States v. Nelson*, CR07-139-GF-BMM, Dkts. 34, 59.  Petitioner's sentence was subsequently reduced from 188 months to 132 months, and he began serving his term of supervised release on August 28, 2017.  *See id.*, Dkts. 112, 118.  Petitioner's supervised release was thereafter revoked on four occasions.  *See id.*, Dkts. 129, 43, 157, 171.  At the time Petitioner filed the instant petition, he was serving a term of one year and one day in confinement following the fourth, and apparently final, revocation of his supervised release.  *See id.*, Dkts. 171, 174.  Petitioner confirms in his petition that the sentence he was then serving was the last sentence he would be required to serve in the underlying criminal case.  Dkt. 7 at 1.

Petitioner asserts in his Petition that the Bureau of Prisons improperly calculated his good conduct time under the First Step Act of 2007, the First Step Act of 2018, and the United States Sentencing Guidelines.  *See id.* at 2-3.  Petitioner appears to claim that he is entitled to additional good conduct time – an additional seven days per year - for the entirety of the 188-month sentence originally imposed.  *See id.*

## III.     DISCUSSION

Under 28 U.S.C. § 2241, a district court may grant habeas relief when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

§ 2241(c) (3). "A necessary predicate for the granting of federal habeas relief to [a petitioner] is a determination by the federal court that [his] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (citing 28 U.S.C. § 2241).

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). Thus, to invoke the jurisdiction of the federal court, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The Supreme Court has made clear that the case-or-controversy requirement "subsists through all stages of federal judicial proceedings." *Id*. It is therefore not enough that a dispute was alive at the time the action was filed, the parties "must continue to have a personal stake in the outcome of the lawsuit" in order to sustain the federal court's jurisdiction. *Id*. at 477-78. "[I]f it appears that [the court is] without power to grant the relief requested, then the case is moot." *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991).

Here, Petitioner asks that he be immediately released from custody upon an award of the additional 70 days of good conduct time he believes he is entitled to. *See* Dkt. 7 at 3. According to the Inmate Locator for the Federal Bureau of Prisons, Petitioner was released from custody on June 2, 2022. *See* https://www.bop.gov/inmateloc (last accessed 6/8/2022). Because the relief Petitioner sought has effectively been granted to him, he has stated no injury that could be redressed by this Court and his petition is therefore moot. *See Lewis*, 494 U.S. at 477.

## IV.   CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's petition for writ of habeas corpus be denied and this action be dismissed with prejudice. A proposed order

accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 8, 2022**.

DATED this 10th day of June, 2022.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge